ROBERTSON, Presiding Justice,
for the Court.
Joseph Charles Newman, a 4x/2-year veteran with the Biloxi Police Department, was discharged by the Chief of Police of the Biloxi Police Department on March 17, 1978. Chief Ryan had referred the matter to a police disciplinary board for an investigation and recommendation. After a hearing on March 10, 1978, the Board recommended Newman’s discharge for violating rules and regulations of the Police Department. Chief Ryan notified Newman in writing of the findings of the Board, his concurrence therein, and his discharge effective March 17, 1978.
Newman appealed to the Biloxi Civil Service Commission under these provisions of Mississippi Code Annotated section 21-31-23 (1972):
“Any person so removed, suspended, demoted or discharged may within ten days from the time of his removal, suspension, demotion or discharge, file with the commission a written demand for an investigation, whereupon the Commission shall conduct such investigation. The investigation shall be confined to the determination of the question of whether such removal, suspension, demotion or discharge was or was not made for political or religious reasons and was or was not made in good faith for cause. After such investigation the commission may, if in its estimation the evidence is conclusive, affirm the removal, . ”
After a full hearing before the Commission on April 10, 1978, the Commission, on April 12th, issued its Order sustaining the *296 discharge of Newman by the Biloxi City Council. The pertinent part of the order states:
“[T]he Commission having thoroughly considered all of the evidence before it, finds by a majority vote of the Commission members that Mr. Newman withheld evidence from the custodial officer of the Biloxi Police Department for an undue length of tinie in violation of the regulations of said Department, and that he subsequently surrendered same only after being given a direct order to do so; therefore, the actions taken by the City Council in suspending Mr. Newman, and subsequently, in terminating Mr. Newman should be and are hereby sustained. The Commission unanimously found that the actions taken by the Council were taken in good faith and not for political or religious reasons.”
Newman then appealed to the Circuit Court of the Second Judicial District of Harrison County, and the Court, on July 14, 1978, entered this order:
“In accordance with section 21-31-23, Mississippi Code 1972, the Court has considered this appeal from an order of the Biloxi Civil Service Commission dated April 12,1978 sustaining the action of the City of Biloxi, Mississippi discharging the appellant as an officer of the Biloxi Police Department.
“No reversible error appears in the appeal record. The order of the Commission was made in good faith for cause. Therefore, the same is hereby affirmed.”
Newman has assigned these four errors which he contends were committed by the circuit court in affirming the action of the Civil Service Commission:
1. The discharge constituted a violation of due process;
2. Newman “was never provided with adequate notice of the charges levied against him;”
3. The dismissal of Newman was arbitrary and capricious and against the overwhelming weight of the evidence; and
4.The City wholly failed to meet the burden of proof that the Appellant did anything wrong or violated any regulations, and thus dismissal was not for cause within the statute.
The cause of dismissal was the withholding of specific items of evidence on three different occasions from the Biloxi Police Department. These items of evidence were: A pocket knife, a pair of nun-chucks, a .380 Llama pistol, and a .22-caliber pistol.
Newman admitted that he knew the rules and regulations requiring a prompt turning in of items of evidence taken from suspects to the police department. His testimony was:
“Q -Do you understand it is important to have exhibits in proper custody in the police department?
“A Yes, I do.”
With reference to his failure to turn in the .22-caliber pistol, Newman testified:
“A Then it was a little while later that I again happened to see Arnie, or during the course of the different schedules, we got together. He mentioned to me, again, and I had, by that time realized where the gun was, which was still locked in this brief case, which I hadn’t even opened since I left the detective section. It was still locked. I had had no reason to go into it. It was still locked up in my car.
I told him I would get it to him as soon as possible. My car, at that time, was broken down.”
In spite of his promise, Newman did not turn in this pistol until Major Short gave him a direct order to do so by 5 o’clock that afternoon.
Although Newman as a police officer of 4½ years experience fully realized the importance of promptly turning in physical evidence so offenders could be promptly prosecuted, he neglected to do so in three separate instances, until given a direct order by his superior. He thus caused considerable embarrassment and extra work to the Biloxi Police Department.
*297 The record reflects that Newman was given a full, fair and impartial hearing before the Biloxi Civil Service Commission and a careful appellate review by the circuit court, all in strict accord with the provisions of section 21-31-23. The finding by the circuit court that “the order of the Commission was made in good faith for cause,” is supported by the record.
The order of the circuit court affirming the final order of the Biloxi Civil Service Commission is, therefore, affirmed.
AFFIRMED.
PATTERSON, C. J., SMITH, P. J., and SUGG, WALKER, BROOM, LEE, BOWLING and COFER, JJ., concur.